AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA
v.
Jermaine Barksdale
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 08-65M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- (1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.
  Defendant is charge with felon in possession of a firearm in violation of 18 USC § 922(g) and 924 (a) for which probable cause was found as a result of a preliminary hearing.

FILED
APR 1 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence  X a preponderance of the evidence: In analyzing the factors in 18 USC § 3142(g), the court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community. Therefore, detention is warranted for the following reasons:

**Nature of the Offense**: The offense falls within the more serious category, defendant, having been convicted of prior felonies was in possession of a weapon.

**Strength of the Evidence**: A witness for the government, testified consistent with his affidavit made in support of the criminal complaint. As a result, he identified defendant as the individual who admitted to and was observed with a firearm.

**Characteristics of Defendant**: Although defendant is a life long resident of DE and his last employment was for two years between 2004 to 2006, his residence is between his mother's and his girlfriend's home and his criminal history is very problematic. According to defendant, he would maintain a steady residence by living with his mother. Regarding this criminal history, defendant was convicted of distribution, delivery or possession of a controlled substance within 300 ft. of a park in April 2002. He was found in VOP for that offense in June 2003 and again in June 2004. He was convicted of possession of drug paraphernalia in May 2003 and in June 2004 which probably resulted in a prior noted VOP, he was convicted of maintaining a vehicle for keeping a controlled substance. Other companion drug related charges were dismissed for that plea. In December 2005, he was convicted of possession with intent to deliver a non-narcotic schedule I controlled substance amended to possession of MJ. He clearly has a substance abuse problem admittedly smoking 4 blunts a day and began using MJ since age 12 (defendant is presently age 27). He has a number of FTAs for Alderman's Court, JP Court 20 and the Superior Court.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| March 31, 2008 | _(signature)_ |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).